BARRON *v.* PROBERT.

SALES—WARRANTY—EVIDENCE—SUFFICIENCY.

> In an action for the breach of a warranty that a cow sold to plaintiffs by defendant was a breeder, a verdict in favor of plaintiffs, *held,* justified by the record.[1]

Error to Jackson; Parkinson (James A.), J.   Submitted January 8, 1925.   (Docket No. 45.)   Decided April 3, 1925.

Assumpsit by John Barron and John T. Barron, co-partners as John Barron & Son, against Hubert F. Probert for breach of warranty on the sale of a cow. Judgment for plaintiffs.   Defendant brings error. Affirmed.

---

[1] Sales, 35 Cyc. p. 464.

*Richard Price,* for appellant.

*Clare E. Hoffman,* for appellees.

MOORE, J.    This litigation grows out of the sale by the defendant of a Jersey cow to the plaintiffs which they claim was not as represented.    At the close of all the testimony defendant moved for a directed verdict.    This motion was overruled.    The case was submitted to the jury which returned a verdict in favor of the plaintiffs in the sum of $773.55, upon which verdict judgment was duly entered.    A motion was made for a new trial which motion was over-ruled upon condition that plaintiffs remit the sum of $50.    This the plaintiffs did, and the case is brought to this court on writ of error by the defendant.

It is the claim of appellant that the trial judge should have directed a verdict in favor of the defendant. It is the further claim that the verdict is against the weight of the evidence.

It is also said there is error in the charge of the court especially in relation to the question of damages.

The defendant is the owner of a fine stock farm known as Oakcroft.    He planned an auction sale for May 12, 1920.    Preparatory to the sale he published an illustrated catalogue; at the top of the front page of the cover appears: "First public sale 60 head of America's best Jerseys 'Proven by production.'" Then came a fine picture of the buildings on the farm, and below the picture it said: "Oakcroft the home of the signal herd of America, bred, raised and tested every female in this sale."    On the first page of the catalogue proper it was stated Mr. Probert would sell "sixty head of producing Jerseys."    On the second page of the catalogue it is said:

"Warranties—When an animal is warranted the fact and particulars of the warranty will be proclaimed from the auction stand.    Otherwise the animals are

sold with all faults and defects, and nothing warranted except right and title of property."

On the third page of the catalogue Mr. Probert stated the herd was founded in 1893, and what his aim had been since then and now.   This statement covered a large page of printed matter.   It was said therein:

"Never advertise for sale an animal without adding 'Guaranteed entirely satisfactory to purchaser or money refunded.'"

One of these catalogues reached the plaintiffs before the sale and they attended it.   They bought a young cow for $1,000.   They paid cash $600 and some time later gave their note for $400, for which in a notice to his plea the defendant asked that judgment might be rendered in his favor.   It should be added that in its verdict the jury stated that this note should be canceled.

It is the claim of the plaintiffs that in addition to the statements contained in the catalogue, we quote from the testimony:

"The sales manager announced from the stand just prior to the sale of the animals that this was to be a breeders' sale, and all the animals sold were guaranteed to be breeders."

Defendant disputes this claim.

The charge of the court occupies nearly 10 pages of the printed record.   Near the end of it appears the following:

"In order to find for plaintiffs, the following points must be sustained by the greater weight of the evidence:

"1. That defendant by himself or his agent or representative at the sale or both of them made the representations alleged.   If so, there was a warranty.

"2. If warranty was made, and I have particularly in mind the claim she was stated to be a breeder, it is necessary, in order to recover, that the plaintiff who

316 Michigan Reports. [Apr.

attended this sale and purchased this cow believed and relied upon such representation or warranty.

"3. That such warranty was false, that the cow was not as represented as to being a breeder or was not a profitable producer.

"4. That as a consequence plaintiffs have suffered pecuniary damage."

The cow did not prove to be a breeder. A veterinary surgeon of long experience, who examined the cow carefully, testified:

"*A*. That cow was not a breeder on May 12, 1920, or since she dropped her last calf, and is not a breeder."

The decisive questions in the case were questions of fact. It is clear that when this cow was sold the defendant was selling it as a cow that would breed, and that plaintiffs bought it upon the assurance it would breed. It is not probable that a farmer or a stock breeder would pay $1,000 for a cow unless he was given such assurance. The questions of fact were submitted to the jury in a careful charge and, while isolated sentences might perhaps be criticized, we think the charge as a whole submitted all of the important questions fairly, and that the jury was not misled.

The judgment is affirmed, with costs to the appellees.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.