**Robert KEPLING and Dorothy Kepling, Plaintiffs-Appellants,**

**v.**

**SCHLUETER MANUFACTURING CO., a Missouri corporation, Defendant-Appellee.**

**No. 17351.**

United States Court of Appeals Sixth Circuit.

May 25, 1967.

---

2. It was not shown that *any* existed nearer than 79 miles from claimant's home.

**6**

Julius M. Grossbart, Detroit, Mich., Leithauser & Grossbart, Detroit, Mich., on brief, for appellants.

David M. Brewster, Detroit, Mich., Brewster & Kopel, Detroit, Mich., on brief, for appellee.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM:

This diversity action was dismissed by a United States District Judge in the Eastern District of Michigan on defendant's motion for summary judgment.

The pleadings and affidavits filed establish that plaintiff, Dorothy Kepling, was badly burned on November 14, 1962, as a result of a fire in a frying pan which had been manufactured by defendant company. The frying pan cost $2.00. It had a light metal cover clamped over the handle to decrease the heat transmission to the hand of the user.

Appellants' principal claim is that the words "Cold Handle" stamped on the frying pan handle represented an express warranty that the handle would stay cold. The handle was not "cold," however, when Mrs. Kepling undertook to pick it up and carry it out of the house after grease in the pan had caught fire. The handle burned her hand badly. She dropped the pan on the floor. The grease splashed up and burned her seriously.

Appellee's motion to dismiss relied on various defenses to the express warranty claim. We deal with only one.

At the relevant time involved in this case, a Michigan statute (Mich.Stats. Ann. § 19.252) specified that an express warranty must be founded upon the purchaser's reliance upon a seller's affirmation of fact or promise.[1]

"§ 19.252 *Definition of express warranty; statements as to value; expressions of opinions.*] Sec. 12. Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty." Mich. Stats.Ann. § 19.252, Comp.Laws 1948, § 440.12.

See also Barron v. Probert, 230 Mich. 313, 202 N.W. 941 (1925); Hayes Construction Co. v. Silverthorn, 343 Mich. 421, 72 N.W.2d 190 (1955).

The depositions filed in this case show that plaintiff, Robert Kepling, purchased the frying pan for a cheap frying

---

**1.** This section was repealed by the adoption of the Uniform Commercial Code, effective January 1, 1964.

pan to take with him hunting. He could not recall any spoken or printed representations or seeing the words "Cold Handle" on the pan. Nor can we read Mrs. Kepling's deposition as establishing a prima facie case of reliance on the claimed express warranty.

 Appellants also argue implied warranty. For recovery on this ground, plaintiffs must prove that the article complained about was "defective." Piercefield v. Remington Arms Co., 375 Mich. 85, 96, 133 N.W.2d 129. (1965). The frying pan was submitted as an exhibit to the District Judge. Appellants' depositions made out no claim of defect. Appellants' argument pointed out no defective condition either to the District Judge or on appeal.

Affirmed.